UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-02077 |
| | ) | Chief Judge Crenshaw |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Michael Collier has filed Objections (Doc. No. 24) to the Report and Recommendation ("R & R") (Doc. No. 23) that recommends the Commissioner of Social Security's decision denying disability benefits be affirmed. For the following reasons, those Objections will be sustained and this case will be reversed and remanded to the Commissioner for further consideration.

The background underlying Collier's claim for benefits is laid out in detail in the Administrative Law Judge's ("ALJ") Decision (Doc. No. 23), and aptly summarized in the R & R. Further repetition or restatement is unnecessary because Collier's Objections relate to certain omission in the ALJ's Decision. More specifically, Collier claims that the ALJ did not give proper weight to the opinions of Dr. Paul W. Brown, a psychologist, and Dr. James Hebda, a neuro-psychologist. The Court considers those objections in turn.

### I. Dr. Brown's Evaluation

Discussing Dr. Brown's psychological evaluation, the ALJ wrote:

Based on his overall evaluation, Dr. Brown diagnosed the claimant with adjustment disorder with moderately depressed mood and assessed a Global Assessment of Functioning, or GAF, score of fifty-five to sixty. GAF score are subjective ratings

1

> of the social, occupational, and psychological functioning of adults and children. A GAF score of fifty-five to sixty suggests moderate symptoms or moderate difficulty in social, occupational, or school functioning. Consistent with his GAF score, Dr. Brown opined that the claimant had mild to moderate limitations in his ability to understand and remember and moderate limitation in his ability to sustain concentrations and persistence, interact with others, and adapt to changes and requirements. *Dr. Brown opined that the claimant could perform simple routine activities for short periods of time but could not perform simple routine activities on a consistent basis over longer periods of time*. However, he found that claimant could do activities with his own initiative or prompting, that he did not require a structured environment, and that he appeared to generally behave in an acceptable manner when engaged in activity.

(Doc. No. 13 at 25) (emphasis added).

Ultimately, the ALJ determined that Dr. Brown's assessment was entitled to "significant weight," and concluded that it was "consistent with the residual function capacity" ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(a). (Id. at 18, 28). Under the light work regulations, the ALJ found Collier capable of performing work that is

> limited to frequent balancing, kneeling, crouching, and climbing of ramps and stairs; occasional stooping and crawling; no climbing of ladders, ropes or scaffolds; no overhead reaching with the right extremity; no concentrated exposure to extreme cold temperatures; no working at unprotected heights or around unguarded moving machinery; and no driving. *Mentally, the claimant is limited to simple routine, repetitive tasks;* occasional contact with the public[,] coworkers, and supervisors; and infrequent workplace changes.

(Id. at 19) (emphasis added).

Based upon these limitations and Collier's age, education, and work experience, the ALJ asked a Vocational Expert to determine whether jobs were available. The ALJ credited the Vocational Expert's opinion that there were a substantial number of assembler, marker, and hand packager jobs available (both in the regional and national economy) that Collier could perform.

Notwithstanding the ALJ's conclusion that Dr. Brown's assessment was entitled to "great weight," Dr. Brown's conclusion that Collier could only perform simple routine activities for *short*

2

periods does not square with the RFC designated by the ALJ. That RFC also does not include Dr. Brown's assessment that Collier "does not appear capable of performing simple routine activities on a consistent basis over longer period of time," or Dr. Brown's conclusion that Collier has only a "moderate ability" to "sustain concentration for at least a two hour period, persist during a workday or workweek without interruption from psychological symptoms, [and] work in coordination with and/or proximity to others without being distracted by them." (Doc. No. 13 at 594). How those additional limitations may affect employability is unclear because the Vocational Expert based his opinion on the RFC formulated by the ALJ that did not include the limitation on simple routine activities to short periods. This is significant because "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010).

The Commissioner is correct that "[t]he fact that an ALJ assigns a medical opinion great or significant weight does not mean that he must wholly adopt the opinion." (Doc. No. 21 at 5 citing, Greer v. Colvin, No. 3:14-CV-1777, 2015 WL 1839768, at *10 (M.D. Tenn. Apr. 20, 2015)) However, "'[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.'" Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)). Thus, even though "[t]he ALJ is not required to address every piece of evidence or testimony presented, . . . he must provide a 'logical bridge' between the evidence and his conclusions." Getch v. Astrue, 539 F.3d 473, 480 (7th Cir. 2008). The logical

3

bridge between Dr. Brown's "great weight" conclusion that Collier could perform simple routine tasks only for short periods and the conclusion that Collier was able to perform light work is not readily apparent.

## II. **Dr. Hebda's Examination and Evaluation**

Nor is it apparent whether the ALJ considered the "treating source rule" when considering the opinion of Dr. Hebda. The Commissioner argues that "the record does not clearly establish Hebda as a treating rather than an examining source," and that, in any event, "the distinction is irrelevant in this case." (Doc. No. 27 at 2 n.1). The Court disagrees with both premises.

Under the Regulations, a medical provider is a treating source if he or she has provided "ongoing treatment," meaning that the treatment or evaluation was undertaken "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimaint's] medical condition(s)." 20 C.F.R. 4041527(a)(2). In the R & R, the Magistrate Judge correctly found that those factors appear to have been met because Collier was referred by a Nurse Practitioner to Dr. Hebda for a neuro-psychological evaluation, and, pursuant to that referral, Dr. Hebda conducted seven examinations of Collier from January through May 2013. As the Magistrate Judge observed, the "record supports" Dr. Hebda being designated a treating physician, and "[a]ccordingly, the ALJ was required to apply the treating physician rule to Dr. Hebda." (Doc. No. 23 at 8).

The Commissioner argues that even it Dr. Hebda is considered a treating physician, there is no error because the ALJ found Dr. Hebda's evaluation report to be internally inconsistent. It writes:

> Dr. Hebda assessed an "overall" marked impairment that he believed limited
> Plaintiff's opportunities for gainful employment. . . . Yet the more specific limitations

4

> assessed by Dr. Hebda included many mild and moderate findings . . . Although Dr. Hebda indicated in a medical source statement that Plaintiff was markedly limited in interacting with others, he assessed only moderate limitations in social functioning in his narrative report. . . . And in the medical source statement, Dr. Hebda actually assessed only mild limitations related to simple instructions and work-related decisions, which is entirely in line with the ALJ's RFC and the opinions of Dr. Brown, Dr. Williams, and Dr. Phay.[1] . . .
>
> The ALJ also found the finding of marked limitations in adaptability inconsistent with other evidence in the record, including Dr. Brown's evaluation. . . . Indeed, . . . Dr. Brown assessed only moderate limitations in the area of adapting to changes and requirements. And Dr. Phay noted the internal inconsistency in Dr. Hebda's assessment of adaptability and found moderate limitations more consistent with other evidence in the file.

(Doc. No. 21 at 8-9).

As a general rule, an "internally inconsistent opinion . . . is an independent reason for granting it little weight." Vorholt v. Comm'r of Soc. Sec., 409 F. App'x 883, 889 (6th Cir. 2011). Under the treating physician rule, however, "the ALJ must give controlling weight to a treating source's opinion if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). Doornbos v. Comm'r of Soc. Sec., No. 17-1464, 2017 WL 8948744, at *2 (6th Cir. Dec. 13, 2017). If the ALJ declines to give the treating source's opinion controlling weight, he or she must provide "good reasons . . . for the weight . . . give[n],'" and "th[os]e reasons must draw on certain factors, specifically 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the

---

[1] Dr. Andrew Phay is a state agency psychological consultant. The governing regulation "sets out a presumptive sliding scale of deference to be given to various types of opinions. . . . A nonexamining source, who provides an opinion based solely on review of the patient's existing medical records, is afforded the least deference." Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 439 (6th Cir. 2012).

5

specialization of the treating source.'" Hall v. Comm'r of Soc. Sec., 148 F. App'x 456, 461 (6th Cir. 2005) (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)).

The ALJ's decision does not discuss those factors. It may be, as the Commissioner argues, that the ALJ had any of a number of other reasons in addition to alleged inconsistencies for discounting Dr. Hebda's opinion, but a "court may not create or adopt *post-hoc* rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." Haga v. Astrue, 482 F.3d 1205, 1207–08 (10th Cir. 2007); see also Williams v. Comm'r of Soc. Sec., 227 F. App'x 463, 464 (6th Cir. 2007) (observing that "a reviewing court, in assessing the decision of an administrative agency, must judge its propriety solely by the grounds invoked by the agency"); Hyatt Corp. v. N.L.R.B., 939 F.2d 361, 367 (6th Cir. 1991)(noting that a court is not free to accept *post hoc* rationalizations for agency action in lieu of reasons and findings articulated by the agency). Further, "an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions [of a treating source] and for explaining precisely how those reasons affected the weight' given 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" Blakley v. Comm'r Of Soc. Sec., 581 F.3d 399, 407 (6th Cir. 2009) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 (6th Cir. 2007)).

The Sixth Circuit "has made clear that [it will] 'not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion'" and that it "will continue remanding when [it] encounter[s] opinions from ALJ's that do not *comprehensively set forth the reasons* for the weight assigned to a treating physician's opinion.'" Cole v. Astrue, 661 F.3d 931, 939 (6th Cir. 2011) (emphasis added) (quoting Hensley v. Astrue, 573 F.3d 263, 267 (6th Cir. 2009)). The failure to provide "good reasons" can only be excused when

6

it constitutes harmless error, meaning that "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) [2]. . . even though she has not complied with the terms of the regulation." Friend v. Comm'r of Soc. Sec., 375 Fed.Appx. 543, 551 (6th Cir. 2010) (quoting Wilson, 378 F.3d at 547).

Here, there is no suggestion that Dr. Hebda's opinion was patently deficient. While the ALJ deemed his opinion to be entitled to "less weight" than the opinions of others, including Dr. Brown, he did so because of alleged internal inconsistencies, even though an argument can be made that there were no such inconsistencies. Nor can it be said that the ALJ adopted Dr. Hebda's opinion, or that the requirements of § 1527(d)(2) were otherwise met because, while the ALJ accepted Dr. Hedba's mild and moderate findings of disability, he rejected Dr. Hebda's overall assessment that Collier had a marked impairment that limited his employment opportunities.

### III. Conclusion

On the basis of the foregoing, the R & R (Doc. No. 23) is **SET ASIDE**, and this case is hereby **REVERSED** and **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further consideration in light of this opinion. Because this is a "Sentence Four" remand, the Clerk shall enter a **FINAL JUDGMENT.** See Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 841 (6th Cir. 2006) (noting that a Sentence Four remand results in "the immediate entry of judgment and relinquishment of jurisdiction").

---

[2] The standards employed by the Commissioner for evaluation various forms of opinion evidence are set forth in 42 C.F.R. § 404.1527. Section 1527(d)(2) codifies the treating physician rule.

In remanding this case, the Court expresses no opinion as to Collier's disability. Nor does the Court suggest that the decision of the Commissioner must be different upon further consideration.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE